## C. D. BERRY v. STATE.
### No. 16920.

Court of Criminal Appeals of Texas.
Feb. 6, 1935.

Kirby, King & Overshiner, of Abilene, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, Presiding Judge.

The conviction is for the unlawful possession of intoxicating liquor for the purpose of sale; penalty assessed at confinement in the penitentiary for one year.

Upon the written request of the appellant, duly verified by his affidavit, the appeal is dismissed.

## Sam BLOCK v. STATE.
### No. 17508.

Court of Criminal Appeals of Texas.
Feb. 6, 1935.

Heidingsfelder, Wander & Hawkins, of Houston, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

CHRISTIAN, Judge.

The offense is keeping premises for the purpose of being used as a place to bet and wager on cards, dice, etc.; the punishment, confinement in the penitentiary for two years.

Upon the written request of appellant, duly verified by his affidavit, the appeal is dismissed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

## Jim BOYD v. STATE.
### No. 17192.

Court of Criminal Appeals of Texas.
Jan. 30, 1935.

W. E. Martin, of Abilene, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was tried and convicted of the offense of willfully deserting and refusing to provide for the support and maintenance of his children, and his punishment was assessed at a fine of $50.

The record is before us without any statement of facts or bills of exceptions. The appellant in due time filed written objections to the court's main charge, and, upon the court overruling the same, he then and there excepted. We have examined the court's charge in connection with the objections addressed to same, and have reached the conclusion that the court's charge is not subject to the criticism addressed to it. The indictment seems to be in due form and sufficient to charge the offense of which the appellant was convicted.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.